ROLAND CLIFFORD RIEMERS AND EUDORA A. RIEMERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Riemers v. Commissioner
Docket No. 7212-80.
United States Tax Court
T.C. Memo 1981-456; 1981 Tax Ct. Memo LEXIS 301; 42 T.C.M. (CCH) 838; T.C.M. (RIA) 81456; August 24, 1981. *301 Petitioners claimed a deduction under sec. 170, I.R.C. 1954, for alleged contributions to the Valhalla Universal Life Church. Held, petitioners have neither substantiated the full amount of the claimed contributions nor proven that the Valhalla Universal Life Church was an organization under sec. 170(c)(2), I.R.C. 1954, to which deductible contributions could be made. Held further, petitioners are liable for the addition to tax under sec. 6653(a), I.R.C. 1954, for negligence and intentional disregard of rules and regulations. Roland Clifford Riemers, pro se. Barbara A. Olsen, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By statutory notice dated April 14, 1980 respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1976 in the amount of $ 1,537, and an addition to tax pursuant to section 6653(a), I.R.C. 1954, in the amount of $ 76.85. The issues for our decision are (1) whether petitioners are entitled to a deduction under section 170 for charitable contributions allegedly made to the Valhalla Universal Life Church, and (2) whether petitioners are liable for an addition to tax under section 6653(a). FINDINGS *302 OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and supplemental stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners Roland Clifford Riemers and Eudora A. Riemers, husband and wife, resided in East Grand Forks, Minnesota at the time they filed their petition in this case. Petitioners timely filed a joint Federal income tax return for the calendar year 1976. During the taxable year in issue, Roland C. Riemers was employed as a registered nurse at the Hennepin County Government Center, Minneapolis, Minnesota and by the Medical Personnel Pool in Minneapolis, Minnesota. Eudora A. Riemers was employed as a registered nurse by St. Joseph Hospital in Brainerd, Minnesota and by St. Mary's Villa, Inc. in Pierz, Minnesota. On their 1976 return petitioners claimed a deduction of $ 7,942 for a contribution to the Valhalla Universal Life Church. As evidence of their contribution, petitioners introduced a receipt from the Valhalla Universal Life Church that reads as follows: VALHALLA UNIVERSAL LIFE CHURCH 5733 42nd. Avenue South Minneapolis, Minnesota 55417 21 January 1977 Valhalla *303 has received donations totaling seven thousand nine hundred and forty-two [sic] dollars and 11 cents ($ 7,942.11) from Mr. Roland C. Riemers during the year of 1976. Respectfully /s/ Jan Marie Flattum Jan Marie Flattum, Treasurer IRS # 94-1599959 Petitioners introduced checks substantiating $ 3,702.11 of the total alleged contributions to the Valhalla Universal Life Church during 1976. On November 1, 1975 petitioners obtained a charter from the Universal Life Church, Inc. of Modesto, California to form the Valhalla Universal Life Church of Minneapolis. Also in 1975, Roland C. Riemers obtained a document entitled "Universal Life Church, Inc., Headquarters: 601 Third Street, Modesto, California 95351 * * * CREDENTIALS OF MINISTER." The document certified that Roland C. Riemers had been ordained by the Universal Life Church, Inc. on April 30, 1975. Mr. Riemers paid $ 1 for this document and received it through the mail. As a minister, Riemers never performed any baptisms, weddings or funerals; neither did he maintain a Sunday School for the church. The constitution of the Valhalla Universal Life Church provides, in Article 1, section 2, that the objects of the church are as follows: *304 a. To uplift the spirit of responsible freedom and individuality. b. To further the spiritual, mental, and physical health of its members. c. To bring good people into Valhalla and thus provide an opportunity for spiritual expression and recognition in fellowship. d. To be a branch of, but also seperate [sic] of, Universal Life Church Inc. and share its tax exempt status (IRS #94-1599959 & Minn. File #12398). e. Other good goals and objectives as put forth and approved by its members. In addition, Roland C. Riemers testified that the church did not have any traditional doctrine, especially in a religious sense. It was a nontraditional church that was devoted to the recognition of individual worth and the encouragement of each of its ministers to relate to God in his own way. Members of the Valhalla Universal Life Church included petitioners, their two children, Roland C. Riemers' sister, brother-in-law and parents, and a few friends. Petitioner Roland C. Riemers was the chairman of the Valhalla Universal Life Church during 1976 and he had signatory control over the church's bank account. Valhalla operated a "church camp" near Pierz, Minnesota which was used by petitioner *305 and his family during 1976. The church also paid for a "church car" for use by Mr. Riemers and his family during 1976. Finally, the church paid the $ 120-per-month rent on an apartment located at 5733 42nd Avenue South, Minneapolis, Minnesota in order to provide a place for the ministers to live. Jan Flattum, treasurer of the church and friend of the petitioners, resided in the apartment during 1976. In addition, the apartment at the above-mentioned address was listed as Roland C. Riemers' address on his Forms W-2 for 1976. Respondent, in his notice of deficiency, disallowed petitioners' deduction of $ 7,942.11 for contributions to the Valhalla Universal Life Church. In addition, respondent asserted that petitioners were liable for the addition to tax prescribed in section 6653(a) for negligence or intentional disregard of the rules and regulations. OPINION With respect to the first issue, we must determine whether petitioners have adequately substantiated the amount of charitable contributions allegedly made under section 170(a), [1] and whether the donee of such contributions was a religious organization exempt under section 170(c). [2] *307 Respondent takes the position that petitioners *306 have not substantiated the amount of money contributed to the Valhalla Universal Life Church beyond the $ 3,791.11 for which checks were submitted. Furthermore, even if the contributions to the Valhalla Universal Life Church were found to have been substantiated, such contributions would not be deductible under section 170(a) because the Valhalla Universal Life Church is not an exempt organization that meets the requirements of section 170(c)(2). Petitioners, on the other hand, claim that the Valhalla Universal Life Church is a branch of the Universal Life Church of Modesto, California and therefore is covered by the exemption that has been granted to that organization. Petitioners also claim that they would have to incur an expense of $ 75 to obtain copies of cancelled checks from their bank in order to substantiate the total amount of the alleged contributions, and that respondent should pay the charges if he wants the documentation. We note at the outset that petitioners have the burden to prove that they are entitled to the deduction for charitable contributions that they have claimed on their return. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. In order to carry this burden, petitioners must substantiate the total amount of the contributions and the character of the donee church as a qualifying *308 organization under the requirements of section 170(c)(2). Petitioners have submitted original checks to substantiate contributions to the Valhalla Universal Life Church in the amount of $ 3,702.11. In order to carry their burden of proof, the onus is upon petitioners to produce the necessary evidence. If they do not posses the original checks to substantiate the remaining amounts of the claimed contributions, then petitioners, and not respondent, must incur the expenses necessary to obtain copies thereof. See, generally, Burnet v. Houston, 283 U.S. 223, 227 (1931). Petitioners have failed to present any evidence to substantiate the fact that they had made any contribution in excess of $ 3,702.11. In order to prove their entitlement to a deduction in the substantiated amount, section 170 also requires petitioners to show that the Valhalla Universal Life Church was an organization meeting the requirements set forth in section 170(c)(2). Section 170(c)(2) requires that a qualifying religious organization must be organized and operated exclusively for religious purposes, that no amount inures to the benefit of any private individual, and that such organization not be involved in attempting *309 to influence legislation or participating in any political campaign on behalf of any candidate. See also sec. 501(c)(3). In this case, petitioners allege that the Valhalla Universal Life Church is a congregation of the Universal Life Church, Inc. of Modesto, California. Because respondent has recognized the Universal Life Church, Inc. of Modesto, California as an exempt organization to which contributions are deductible under section 170, petitioners claim that the Valhalla Universal Life Church thereby also should be recognized as a section 170(c)(2) exempt organization. [3]
In Universal Life Church, Inc. v. United States, 372 F.Supp. 770 (E.D Cal. 1974), *310 the Universal Life Church, Inc. of Modesto, California was held to be exempt under section 501(c)(3). However, that holding applied only to the individual parent church there in issue; it was not a group exemption. United States v. Toy National Bank, an unreported case ( N.D. Iowa 1979, 43 AFTR 2d 79-954, 79-1 USTC par. 9344). Therefore, the Valhalla Universal Life Church is not included in the exemption granted to the Universal Life Church, Inc. of Modesto, California and its status as an organization to which deductible contributions can be made must be determined separately. [4]
Petitioner Roland C. Riemers testified at trial that the doctrine of the Universal Life Church is that an individual can have his own particular belief. The Valhalla Universal Life Church constitution expands on this by stating that one of the objects of the church is "[t]o be *311 a branch of * * * the Universal Life Church, Inc. and share its tax exempt status (IRS #94-1599959 & Minn. File #12398)." Furthremore, the evidence indicates that the church paid rent on a residence for petitioners, as well as expenses associated with a summer home and car for petitioners. As such, it appears that the Valhalla Universal Life Church was not organized and operated exclusively for religious purposes but was operated for tax avoidance and for the personal inurement to the petitioners and their family and relatives. We therefore find that petitioners have failed to satisfy their burden of proving the status of the Valhalla Universal Life Church as a section 170(c)(2) organization. Turning to the final issue, we must decide whether petitioners are liable under section 6653(a) for a 5-percent addition to tax because any part of their underpayment of tax of 1976 was due to negligence or intentional disregard of the rules and regulations. Petitioners have the burden of proving that no part of the underpayment was due to the prohibited reasons. Estate of Mason v. Commissioner, 64 T.C. 651, 663 (1975), affd. by order 566 F.2d 2 (6th Cir. 1977); Axelrod v. Commissioner, 56 T.C. 248, 258 (1971). *312 As petitioners have presented no evidence on this issue, we conclude that they have failed to carry their burden. Consequently, the section 6653(a) addition to tax is sustained. Decision will be entered for the respondent. Footnotes
1. Sec. 170(a) provides for the allowance of deductions for charitable contributions, as defined in sec. 170(c)↩. 2. Sec. 170(c) defines a charitable contribution to include "a contribution or gift to or for the use of-- (2) A corporation, trust, or community chest, fund, or foundation-- (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provisions of athletic facilities or equipment), or for the prevention of cruelty to children or animals; (C) no part of the net earnings of which nures to the benefit of any private shareholder or individual; and (D) which is not disqualified for tax exemption under section 501(c)(3) by reason of attempting to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.↩
3. In Abney v. Commissioner, T.C. Memo. 1980-27, the Tax Court considered the status of the Dignity of Man Church, a chartered organization of the Universal Life Church. The status of the Dignity of Man Church was similar to that of the Valhalla Universal Life Church in the instant case. In Abney, the Court concluded that the Dignity of Man Church was organized for the personal inurement of petitioners therein, and therefore did not qualify as an organization under sec. 170(c)(2) to which deductible contributions could be made under sec. 170(a). See Brown v. Commissioner, T.C. Memo. 1980-553↩.
4. Sec. 508(c)(1) exempts churches from the mandatory requirement of filing an application for exemption. However, when the Commissioner determines that an organization is not entitled to an exemption as a church, the organization or its contributors must still prove its right to an exemption. Sec. 1.508-1(a)(3), (4), Income Tax Regs.↩